Matthew L. Johnson (6004)
Melissa A. Vermillion (10261)
Russell G. Gubler (10889)
MATTHEW L. JOHNSON & ASSOCIATES, P.C.
Lakes Business Park
8831 W. Sahara Ave.
Las Vegas, NV 89117
Phone: (702) 471-0065
Fax: (702) 471-0075
Email: mjohnson@mjohnsonlaw.com

Attorneys for Creditor,
Dolores Leserra

E-filed:  July 2, 2008

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re: | ) | Case No.: 07-16645-lbr |
|---|---|---|
| CHONG, LISA MARIE, | ) | Chapter 7 |
| Debtor. | ) | Date of Hearing: August 5, 2008 |
|  | ) | Time of Hearing: 9:30 a.m. |

### MOTION FOR RELIEF FROM THE DISCHARGE INJUNCTION TO ALLOW CREDITOR TO PROCEED AGAINST DEBTOR'S INSURANCE PROCEEDS

Creditor, DOLORES LESERRA ("Leserra") through her attorneys, MATTHEW L. JOHNSON, MELISSA A. VERMILLION, and RUSSELL G. GUBLER, of the law firm of MATTHEW L. JOHNSON & ASSOCIATES, P.C., respectfully moves this Honorable Court, pursuant to 11 U.S.C. § 524(a) & (e), for relief from the discharge injunction, to the extent that there is an injunction against the Debtor's insurance company, to allow the Eighth Judicial District Court case in *DOLORES LESERRA, vs. SA CHONG,* case no. A522211, to proceed against Debtor, to allow Leserra to collect from the Debtor's insurance provider the value of the claim for any causes of action arising out of the automobile accident that occurred on or about January 8, 2005, between Leserra and the Debtor. Leserra warrants that any judgment awarded, including excess judgment, shall be collected from the Debtor's insurer only, and not against the Debtor personally. Leserra warrants that she will not collect any judgment awarded, including excess judgment, from the Debtor, individually, but shall seek any judgment from the Debtor's insurer.

This Motion is based on the points and authorities set forth herein, the pleadings and papers on file in this matter, and any evidence and argument presented at the time of hearing in support of the Motion.

DATED this 2nd day of July, 2008.

MATTHEW L. JOHNSON & ASSOCIATES, P.C.

/s/ Russell Gubler

Matthew L. Johnson (6004)
Melissa A. Vermillion (10261)
Russell G. Gubler (10889)
Lakes Business Park
8831 West Sahara Avenue
Las Vegas, Nevada 89117
(702) 471-0065
(702) 471-0075 (facsimile)

Attorneys for Creditor,
Dolores Leserra

## POINTS AND AUTHORITIES

### I.  FACTS

On or about January 8, 2005, Leserra was driving westbound on St. Louis, in Clark County, Nevada. Debtor was traveling southbound on Maryland Parkway in Clark County, Nevada. Debtor traveled against a red light at the intersection of Maryland Parkway and St. Louis and collided with Leserra. The front of Debtor's vehicle struck the rear of Plaintiff's vehicle. Because of the collision, Leserra has suffered serious bodily injury and damages in excess of $500,000.

On or about May 23, 2006, Leserra filed a complaint concerning the collision and named Debtor as the defendant. To settle the matter, Leserra demanded the policy limits from Debtor's automobile insurance company. However, Debtor's insurance carrier rejected the demand in bad faith. Upon information and belief, Debtor's insurance counsel advised Debtor to file bankruptcy. Thereafter, on or about October 15, 2007, Debtor filed a Chapter 7 Voluntary Petition, and the state court action against Debtor was stayed.

- 2 -

Because the action was stayed, Leserra still has a personal injury claim against the Debtor stemming from a motor vehicle accident on January 8, 2005. Before Leserra could settle or otherwise pursue any claim with Debtor's insurance company, Debtor filed her bankruptcy petition. As a result, Leserra has mounting medical expenses stemming from an accident that was not her fault.

Leserra now requests that this Honorable Court grant her relief from the discharge injunction to allow the District Court case to proceed, and so that Leserra's claim may be determined. Leserra will not attempt to collect against Debtor personally, but will seek to enforce any judgment against the debtor's automobile insurance company.

## II.  ARGUMENT

### A.  *Leserra requests that this Honorable Court reopen the Debtor's bankruptcy proceeding.*

The decision to reopen a bankruptcy case lies within the discretion of the bankruptcy court. *In the Matter of Gladys E. Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991); *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326 (4th Cir. 1984); *In re Patterson*, 297 B.R. 110, 114 (Bankr.E.D.Tenn. 2003). In general, because a bankruptcy court does not have power to discharge the liabilities of a nondebtor (see *Underhill v. Royal,* 769 F.2d 1426, 1431-32 (9th Cir. 1985)), a discharge injunction does not prevent a creditor from suing a debtor on a nondischargeable debt, or from naming the debtor as a nominal defendant in a suit to recover a dischargeable debt so long as the judgment will not be enforced against the debtor. *In the Matter of Gladys E. Shondel*, 950 F.2d 1301, 1306 (7th Cir. 1991); *In re Jones*, 348 B.R. 715, 719 (Bankr.E.D.Va. 2006). Similarly, a creditor does not violate the discharge injunction by proceeding with a postdischarge suit against a debtor to determine the liability to collect from a third party, such as an insurance carrier. *In re Patterson*, 297 B.R. 110, 113 (Bankr.E.D.Tenn. 2003). However, bankruptcy courts have noted:

- 3 -

> [A] creditor who proceeds outside the bankruptcy court without first seeking a determination of dischargeablity or relief from the discharge injunction runs the risk of being held in contempt for violating of the discharge injunction if the debt is determined to be dischargeable.

*In re Jones*, 348 B.R. at 719; *Cherry v. Arendall (In re Cherry)*, 247 B.R. 176 (Bankr.E.D.Va.2000). Therefore, parties have been "well advised in doubtful cases to seek relief from the discharge injunction in the bankruptcy court prior to commencing suit in another forum." *In re Jones*, 348 B.R. at 719.

A bankruptcy court has authority to modify a discharge injunction to allow a creditor to proceed with a tort action solely to recover from the debtor's insurer. *In the Matter of Gladys E. Shondel*, 950 F.2d 1301, 1308 (7th Cir. 1991). "Such modifications are frequently made in order to effectuate provisions of the Bankruptcy Code, such as section 524(e)'s exemption of 'any other entity' which may be liable on the debtor's behalf from the statutory injunction." *In the Matter of Gladys E. Shondel*, 950 F.2d 1301, 1308 (7th Cir. 1991); *see e.g., Jet Florida*, 883 F.2d at 973; *In re McGraw*, 18 B.R. 140 (Bankr.W.D.Wis. 1982).

For purposes of collecting on a discharged prepetition debt from a debtor's insurer, a creditor does not need to proceed with a postdischarge lawsuit to determine liability as a prerequisite to filing a motion to reopen a debtor's closed Chapter 7 bankruptcy case to obtain relief from a discharge injunction. *In re Patterson*, 297 B.R. 110, 114 (Bankr.E.D.Tenn. 2003).

In the matter at hand, Leserra was pursuing her personal injury claim in state court against the Debtor. During the lawsuit against Debtor, Leserra attempted to settle the claim within the Debtor's insurance policy limits. However, Debtor's insurance provider refused. Thereafter, Debtor's insurance defense counsel suggested that Debtor file bankruptcy instead of fighting the claim. Debtor subsequently filed bankruptcy, and Debtor's bankruptcy petition was granted. Debtor received a discharge on or about January 15, 2008.

- 4 -

Leserra desires to pursue her claim in state court. However, to ensure that Leserra does not violate the discharge injunction against the Debtor, Leserra requests that this Honorable Court use its authority to reopen the Debtor's bankruptcy proceeding to grant an order of relief from the discharge injunction, to the extent that there is an injunction against the Debtor's automobile insurance company. As is often the case, such an order would effectuate provisions of the Bankruptcy Code, such as section 524(e)'s exemption of "any other entity", which may be liable on the debtor's behalf from the statutory injunction. Such an "other entity" would be Debtor's automobile insurance provider.

> **B.** *To the extent that there is an injunction against the Debtor's insurance company, Leserra requests that this Honorable Court modify the injunction to allow Leserra to pursue her claims in state court and to collect from the Debtor's insurance provider the value of Leserra's claims.*

Leserra may pursue her claim in state court, without holding the Debtor personally liable. Section 524(a) of the Bankruptcy Code states:

> A discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt *as a personal liability of the debtor*, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a)(2) (emphasis added). Similarly, section 524(e) states, that the "discharge of a debt of the debtor *does not affect the liability of any other entity on, or the property of any other entity for, such debt.*" 11 U.S.C. § 524(e) (emphasis added). Therefore, a "discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt. Section 524(e) specifies that the debt still exists and can be collected from any other entity that might be liable." *In re Edgeworth*, 993 F.2d 51, 53 (5th Cir. 1993).

Leserra may pursue the Debtor in name to obtain a judgment against Debtor's insurance provider. When the costs of defense are paid by the insurer and there is no execution of judgment against the debtor personally, the Code does not bar suit against a discharged debtor as nominal defendant, even if insurer denies coverage. *In re Edgeworth*, 993 F.2d 51, 54 (5th Cir. 1993); *see also In re Jet Florida Sys., Inc.*, 883 F.2d 970, 976 (11th Cir. 1989); *In the Matter of Gladys E. Shondel*, 950 F.2d 1301, 1308 (7th Cir. 1991). Therefore, a creditor may proceed with an post-discharge action against a debtor, in name only, in order to establish the liability and possibly collect from an insurance carrier. *In re Patterson*, 297 B.R. 110, 113 (Bankr.E.D.Tenn. 2003). If an insurer is unwilling to defend its insured, the debtor may simply default, knowing that judgment will be unenforceable except against the insurer. *In re Edgeworth*, 993 F.2d 51, 54 (5th Cir. 1993).

The Debtor's insurance provider may still be liable because the Code only protects *the Debtor* from personal liability. At the time of the accident between Leserra and the Debtor, the Debtor carried insurance. Although the Debtor was discharged from liability, Leserra still has uncompensated medical bills from the accident. By granting an order of relief that would allow Leserra to pursue her claims in state court, Debtor will not be affected, and Leserra will still be able to seek compensation under her claim. Even if Debtor is nominally named, Leserra would not hold the debtor personally liable. Instead, Leserra would only pursue a judgment for the value of her claim against the Debtor's automobile insurance carrier. As expressed above, such grants of relief are generally granted against an insurance carrier because the relief will not affect the Debtor or the property of the Estate. Therefore, Leserra requests that this Honorable Court, to the extent that there is an injunction against the Debtor's automobile insurance company, grant relief from the discharge injunction in this matter, as provided in the Code.

### III. CONCLUSION

The Court has discretion to reopen a bankruptcy case to grant relief from the discharge injunction. Such actions by a bankruptcy court are common to allow one who holds a claim in state court to proceed against the Debtor's insurance carrier. To the extent that there is an injunction against the Debtor's insurance company, Leserra requests that this Honorable Court grant relief from the discharge injunction to allow Leserra to pursue the Eighth Judicial District Court case in *DOLORES LESERRA, vs. SA CHONG,* case no. A52221, and to allow Leserra to collect from the Debtor's insurance provider the value of the claim for any causes of action arising out of the automobile accident that occurred on or about January 8, 2005, between Leserra and the Debtor.

Leserra warrants that she will not attempt to collect against the Debtor individually, but will seek proceeds from Debtor's automobile insurance carrier. For these reasons, relief from the discharge injunction should be granted.

DATED this 2nd day of July, 2008.

MATTHEW L. JOHNSON & ASSOCIATES, P.C.

*/s/ Russell*

Matthew L. Johnson (6004)
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
(702) 471-0065
(702) 471-0075 (facsimile)

Attorneys for Creditor,
Dolores Leserra

## CERTIFICATE OF SERVICE

I hear by certify that on this __2nd__ day of July, 2008, I sent a true and correct copy of the foregoing MOTION FOR RELIEF FROM THE DISCHARGE INJUNCTION TO ALLOW CREDITOR TO PROCEED AGAINST DEBTOR'S INSURANCE PROCEEDS via electronic service to the following:

*SEE* ATTACHED MASTER SERVICE LIST

_____
An employee of Matthew L. Johnson & Associates, P.C.

- 8 -

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0978-2<br>Case 07-16645-lbr<br>District of Nevada<br>Las Vegas<br>Wed Jul  2 15:53:25 PDT 2008 | (p)FRANKLIN CREDIT MANAGEMENT CORP<br>101 HUDSON STREET<br>25TH FLOOR<br>JERSEY CITY NJ 07302-3984 | HOMECOMINGS FINANCIAL, LLC<br>c/o Pite Duncan, LLP<br>525 East Main Street<br>P.O. Box 12289<br>El Cajon, CA 92022-2289 |
| Wells Fargo Bank<br>PO Box 10438<br>MAC X2505-016<br>Des Moines, IA 50306-0438 | United States Bankruptcy Court<br>300 Las Vegas Blvd., South<br>Las Vegas, NV 89101-5833 | ABRAMS & TANKO, LLLP<br>MICHELLE L. ABRAMS<br>3085 S. Jones Blvd., Suite C<br>Las Vegas, NV 89146-6767 |
| BELCREST COMMUNITY ASSOC.<br>C/O ASSOC. COMMUNITY MANAGEMENT<br>PO BOX 94077<br>LAS VEGAS, NV  89193-4077 | DEPT OF MOTOR VEHICLES & PUBLIC SAFETY<br>RECORDS SECTION<br>555 WRIGHT WAY<br>CARSON CITY, NV  89711-0001 | FRANKLIN CREDIT<br>101 HUDSON ST 25TH FL<br>JERSEY CITY, NJ 07302-3984 |
| HOMECOMINGS FINANCIAL<br>PO BOX 205<br>WATERLOO, IA  50704-0205 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 21126<br>PHILADELPHIA PA 19114-0326 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, IN<br>PITE, DUNCAN, LLP<br>525 E. MAIN STREET<br>P.O. BOX 12289<br>EL CAJON, CA 92022-2289 |
| NEVADA DEPT OF TAXATION<br>REVENUE DIVISION CAPITAL COMPLEX<br>101 N CARSON ST STE 3<br>CARSON CITY, NV  89701-3714 | OFFICE OF U.S. TRUSTEE<br>600 LAS VEGAS BLVD S STE 430<br>LAS VEGAS, NV  89101-6637 | PITE DUNCAN, LLP<br>STEVEN W. PITE<br>EDDIE R. JIMENEZ<br>525 E. Main Street<br>P.O. Box 12289<br>El Cajon, CA 92022-2289 |
| ROBERT VANNAH, ESQ.<br>ROBERT M. CRAM, ESQ.<br>400 S 4TH ST 6TH FL<br>LAS VEGAS, NV  89101-6201 | RONALD SMITH, CHIEF<br>IRS SPECIAL PROCEDURES<br>4750 W OAKEY BLVD<br>LAS VEGAS, NV  89102-1535 | TARGET<br>PO BOX 59317<br>MINNEAPOLIS, MN  55459-0317 |
| U.S. TRUSTEE - LV - 7<br>300 LAS VEGAS BOULEVARD, SO.<br>SUITE 4300<br>LAS VEGAS, NV 89101-5803 | WELLS FARGO<br>PO BOX 30086<br>LAS VEGAS, NV  89173-0086 | WELLS FARGO<br>PO BOX 5169<br>SIOUX FALLS, SD  57117-5169 |
| WILLIAM W. McGAHA<br>DELANOY, SCHUETZE & Mc GAHA<br>601 S Rancho Dr Ste C20<br>Las Vegas, NV  89106-4825 | Wells Fargo Bank, N.A.<br>c/o Wells Fargo Card Services<br>Recovery Department<br>P.O. Box 9210<br>Des Moines, IA 50306-9210 | DAVID J. WINTERTON<br>211 N. BUFFALO DR. #A<br>LAS VEGAS, NV 89145-0302 |
| LENARD E. SCHWARTZER<br>2850 S. JONES BLVD., #1<br>LAS VEGAS, NV 89146-5640 | LISA MARIE CHONG<br>1515 ANGEL FALLS ST.<br>LAS VEGAS, NV 89142-1287 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
FRANKLIN CREDIT MANAGEMENT CORPORATION      INTERNAL REVENUE SERVICE                (d)IRS
P.O. Box 2301                               ATTN: BANKRUPTCY DEPT., STOP 5028       Ogden, UT  84201
Jersey City, NJ 07303-2301                  110 CITY PKWY
                                            LAS VEGAS, NV  89106-4604
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,    End of Label Matrix
                                                Mailable recipients    25
                                                Bypassed recipients     1
                                                Total                  26
```